# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2018, 11:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rory Gallagher
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles Anthony Winters, | February 28, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A02-1708-CR-1842 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Jose D. Salinas, Judge |
| *Appellee-Plaintiff* | The Honorable John Michael Christ, Magistrate |
| | Trial Court Cause No. 49G14-1701-CM-2529 |

**Altice, Judge.**

## Case Summary

[1] Charles Winters pled guilty to possession of marijuana as a Class A misdemeanor and possession of paraphernalia as a Class C misdemeanor and was sentenced to and aggregate sentence of 365 days, all suspended. On appeal, Winters argues his sentence is inappropriate.

[2] We affirm.

## Facts & Procedural History

[3] On January 18, 2017, the State charged Winters with possession of marijuana as a Class A misdemeanor and possession of paraphernalia as a Class C misdemeanor. Winters's case was transferred to the Marion County Drug Treatment Court and Winters then entered into the Marion County Drug Treatment Program, which required him to attend weekly hearings to monitor the progress of his substance abuse treatment. During this time, Winters was in the custody of the Marion County Community Corrections (MCCC) on home detention.

[4] While participating in the drug treatment program, MCCC filed three notices of violation alleging that Winters failed to comply with monetary obligations, failed to report to MCCC as directed, and tampered with his monitoring device. On July 19, 2017, Winters voluntarily withdrew from the drug treatment program and pled guilty to both charges. Pursuant to a plea agreement, sentencing was left to the trial court's discretion. The court held a hearing that same day. During the sentencing portion, Winters argued that he lived in poverty, that he suffered from depression, anxiety, and had a learning disability,

and that he had a substance abuse addiction. At the conclusion of the hearing, the trial court sentenced Winters to aggregate term of 365 days with all suspended to probation. As a condition of his probation, the trial court ordered Winters to undergo a mental health evaluation and treatment, substance abuse evaluation and treatment, and to submit to weekly drug testing. The court further stated:

> I'm going to try to reduce the obstacles that are in place. I do think some supervision is important. ... You've done a lot here, Mr. Winters. You've really come a long way. [E]ven though you're not successful with the completion of the program, you're different than you were when you started. ... Everybody has put in a lot of work here, your attorneys have and you have. Okay. And so you're doing better than you were before. There's some things working against you. Hopefully you can overcome those. I wish you well as well.

*Transcript* at 17-18. Winters now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[5] Winters argues that his sentence is inappropriate. Winters asks this court to modify his period of probation so that it terminates upon successful completion of his substance abuse and mental health treatment.

[6] Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. *See Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014), *cert. denied*, 135 S.Ct. 978 (2015). Pursuant to Ind.

Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Inman v. State*, 4 N.E.3d 190, 203 (Ind. 2014) (quoting App. R. 7). "Sentencing review under Appellate Rule 7(B) is very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[7] The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell*, 895 N.E.2d at 1224). Moreover, "[t]he principal role of such review is to attempt to leaven the outliers." *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013). It is not our goal in this endeavor to achieve the perceived "correct" sentence in each case. *Knapp*, 9 N.E.3d at 1292. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

[8]     We recognize that Winters's offenses were unremarkable.  Winters was found in possession of a small amount of marijuana and he fully cooperated with the arresting officer.  With regard to his character, we note that Winters has a modest criminal history, having accumulated two prior substance-related misdemeanor offenses in 2012.[1]  Although there is nothing particularly egregious about the nature of the offense and Winters's character, we cannot say that a one-year, fully-suspended sentence is inappropriate.

[9]     Indeed, the trial court acknowledged that Winters had overcome some obstacles, but observed that he continued to need supervision in order to be successful in completing the court-ordered probation conditions of mental health evaluation and treatment, substance abuse evaluation and treatment, and weekly drug testing.  The court noted that the process was long and that all involved had worked hard to provide Winters with the resources he needs to overcome his addiction.  Winters himself acknowledged the struggles he faces and will continue to face with regard to his addiction.  That the probationary period extends beyond his successful completion of mental health and substance abuse treatment does not render his sentence inappropriate.

[10]    Judgment affirmed.

---

[1] The record indicates that Winters has two prior misdemeanor convictions, at least one of which is a drug offense that was used to elevate his possession of marijuana offense to a Class A misdemeanor.  Additionally, Winters recently pled guilty to possession of methamphetamine in another cause and was sentenced contemporaneously with this cause.

May, J. and Vaidik, C.J., concur.